PETER DE PUCCIO, Respondent, v. WALTER MILLER, Defendant, and THE TOWN OF NASSAU, Appellant.— The defendant, Town of Nassau, has appealed from an order of the Rensselaer Special Term of Supreme Court denying its motion to dismiss plaintiff's complaint on the ground that no proper notice of claim was filed with the town authorities pursuant to the provisions of section 215 of the Highway Law. The action is brought to recover damages for personal injuries and also for damages to property. In the notice of claim made a part of the complaint it is alleged that on March 7, 1939, while plaintiff was operating his automobile on a public highway in the defendant town, and while rounding a curve, the " car struck a cut or ditch that ran directly across the said highway." The highway in question is a country road and is about three miles in length. The notice sufficiently states the place where the accident occurred. In addition to that, defendant's commissioner of highways had actual notice of the happening of the accident. Order unanimously affirmed, with twenty-five dollars costs and disbursements. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

WYMAN S. BASCOM, Respondent, v. SUPERIOR TRAILER MANUFACTURING CORPORATION and CHARLES EGAN, Appellants.— This is an appeal by the defendant, appellant, Superior Trailer Manufacturing Corporation, from an order denying its motion to remove this action to the United States District Court for the Northern District of New York on the grounds of diversity of citizenship. The defendant Charles Egan has filed with the court a consent to such removal. The action is to recover damages for personal injuries and it is undisputed that it is a suit of a civil nature involving a controversy between citizens of different States, and the amount in controversy exceeds the sum of $3,000, exclusive of interest and costs. Appellant was required to answer or plead to the complaint on or before December 15, 1941. On that day the petition and bond for removal were presented without notice to a justice of the Supreme Court. Neither the petition nor bond for removal had been filed in the Washington county clerk's office. An order to show cause was issued December 15, 1941, returnable at a regular Special Term on December 19, 1941, and a copy of such petition, together with a notice, affidavit, bond and order to show cause, was served on plaintiff's attorneys December 17, 1941. The defendant, appellant, has failed to comply with the provisions of the Judicial Code (§ 29; U. S. Code, tit. 28, § 72). That section provides for the making and filing of the petition in such State court at any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead. The same section provides further that written notice of said petition and bond for removal shall be given the adverse party prior to filing such petition and bond. This, defendant, appellant, failed to do. The order appealed from should be affirmed, with costs. Order unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.